IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL A. JOSEPH, | No. C06-05636 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| JOHN E. POTTER, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant Postmaster General John E. Potter's ("Defendant") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] Pro se Plaintiff Rafael A. Joseph ("Plaintiff") opposes Defendant's motion.[2] For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss as discussed below.

## FACTUAL BACKGROUND

In this civil action Plaintiff sues the Defendant for a variety of claims related to his employment. The material facts taken from Plaintiff's Complaint, attachments to Defendant's Motion to Dismiss and Plaintiff's Opposition are as follows.

---

[1] Docket No. 13.

[2] Plaintiff titled his response to Defendant's Motion as a "Motion to Deny Defendant's Motion to Dismiss" (Docket No. 20.) In it he asks the Court to deny Defendant's motion to dismiss. Given Plaintiff's requested relief, the Court will treat Plaintiff's submission as an opposition to Defendant's Motion to Dismiss.

### A. Plaintiff's First Administrative Case

Plaintiff was an employee of the United States Postal Service ("USPS" or "Agency") from May 30, 2002, to September 13, 2006, the period at issue in the lawsuit. (Compl. ¶ 7, Compl. p. 11.) On October 25, 2001, Plaintiff initiated an Equal Employment Opportunity Case, number 1F-941-0119-01. (Def's Mot. to Dismiss, Attach. 1.) Plaintiff alleged that he did not receive the training he requested. (*Id.*) He also alleged that an unidentified employee had knowledge of a hostile work environment but failed to do anything about it and that a supervisor named Butler harassed him. (*Id.*) In a December 17, 2001 decision, the USPS denied Plaintiff's claims and notified Plaintiff of his right to appeal to the Office of Federal Operations of the Equal Opportunity Commission ("OFO"). (*Id.*) Plaintiff appealed to the OFO, and on April 30, 2002, the OFO affirmed the ruling. (Def's Mot. to Dismiss, Attach. 2.) The OFO decision included a notification to Plaintiff of his right to file a lawsuit in district court within 90 days of his receipt of the decision. (*Id.*)

### B. Plaintiff's Second Administrative Case

Plaintiff filed a second complaint of discrimination with the Agency, number 1F-941-0074-03, on July 28, 2003. (Def's Mot. to Dismiss, Attach. 3.) Administrative Judge Warmee issued a decision on June 10, 2003, granting summary judgment in favor of the USPS. (Def's Mot. to Dismiss, Attach. 4.) On June 24, 2004, the Agency issued its Notice of Final Action, adopting the Administrative Judge's dismissal of the complaint. (*Id.*) The notice includes a description of Plaintiff's right to appeal to the OFO or to file a lawsuit in district court within 90 days of receiving the notice. (Def's Mot. to Dismiss, Attach. 3.)

### C. Plaintiff's Third and Fourth Consolidated Administrative Cases

Plaintiff filed a third complaint, number 1F-941-0074-04, on December 20, 2004, and a fourth complaint, number 1F-941-0016-05, on March 1, 2005. (Def's Mot. to Dismiss, Attach. 5.) The Agency administratively consolidated these two complaints, which alleged discrimination on the basis of race, national origin, sex, and participation in prior employment cases against the Agency. (*Id.*) Specifically, Plaintiff claimed that he failed to receive overtime pay from the Christmas season in 2003 through November 2004 and that he endured a hostile work environment. (*Id.*) Plaintiff further alleged that supervisors suspended him for irregular attendance, failed to

respond to his letters and ignored his complaints concerning the work environment. (*Id.*) On September 9, 2005, the USPS rejected Plaintiff's claims, issuing a finding of no discrimination. (*Id.* at 6) The decision included notice to Plaintiff of his right to appeal to the OFO within 30 days. (*Id.*) Plaintiff filed an appeal of the September 9 ruling on November 9, 2005. (Def's Mot. to Dismiss, Attach. 6.) Because Plaintiff received the decision more than 30 days before filing his appeal, the OFO dismissed Plaintiff's appeal on June 26, 2006. (*Id.*) The OFO denied Plaintiff's timely request for reconsideration of the dismissal of his appeal on October 11, 2006. (Def's Mot. to Dismiss, Attach. 7.)

### D. Plaintiff's Complaint in the Instant Action

Plaintiff filed a complaint in this Court on September 14, 2006. He complains of a hostile work environment, retaliation for prior complaints, harassment, loss of pay and discrimination on the basis of race, sex and national origin. (Compl. at ¶¶ 4-6.) Plaintiff also alleges a breach of contract by "the union." (*Id.*) On April 10, 2007, Defendant filed its Motion to Dismiss, which is now before this Court.

### LEGAL STANDARDS

### A. Rule 12(b)(1) Standard

Rule 12(b)(1) authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. The Court can also dismiss a claim for lack of jurisdiction without a motion from a party. Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction; thus, the Court presumes lack of jurisdiction, and the party seeking to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A party challenging the court's jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the Court must accept the factual allegations in plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d

1156, 1157 n.1 (9th Cir. 2001).  For a factual attack, in contrast, the Court may consider extrinsic evidence.  *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987).  Further, the court does not have to assume the truthfulness of the allegations, and may resolve any factual disputes.  *See White*, 227 F.3d at 1242.  Thus, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

In the Ninth Circuit, "[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specific in *Bell v. Hood*, 327 U.S. 678 [] (1946)."  *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983); *see Safe Air for Everyone*, 373 F.3d at 1039.  The *Bell* standard provides that jurisdictional dismissals are warranted "where the alleged claim under the [C]onstitution or federal statute clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such a claim is wholly insubstantial and frivolous."  327 U.S. at 682-83.  Additionally, the Ninth Circuit has admonished that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action."  *Sun Valley*, 711 F.2d at 139.  The jurisdictional issue and the substantive issues are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief."  *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Sun Valley*, 711 F.2d at 139).

**B. Rule 12(b)(6) Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint.  *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a

4

cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

**ANALYSIS**

In its Motion, Defendant requests that the Court dismiss Plaintiff's claims related to employment discrimination because he failed to demonstrate that the Court has subject matter jurisdiction over the claims. Defendant argues that, for each allegation of discrimination, the Plaintiff either did not file his complaints in a timely manner or failed to exhaust administrative remedies. Defendant also urges the Court to dismiss Plaintiff's claim for breach of contract against the union because Plaintiff failed to identify a waiver of sovereign immunity. Plaintiff, in his opposition, claims that he filed his administrative complaints in a timely manner but that he could not proceed with them due to ignorance of administrative rules, lack of union representation and depression. The Court will address the discrimination and breach of contract claims in turn.

**A. Discrimination Claims**

**1. Statutory Exhaustion Requirement and Time Limits**

Federal law prohibits discrimination in personnel decisions regarding employees of the United States Postal Service ("USPS"). 42 U.S.C. § 2000e-16. This statute, known as Title VII, provides the exclusive basis for lawsuits alleging discrimination in federal employment based on race, color, religion, sex, or national origin. *Brown v. General Services Administration*, 425 U.S. 820, 835 (1976). Before suing under Title VII in federal court, an employee must exhaust available administrative remedies. *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995). Failure to comply with administrative filing deadlines, without justification for the application of equitable tolling or equitable estoppel, constitutes failure to exhaust administrative remedies. *Johnson v. Henderson,*

5

314 F.3d 409, 410-11 (9th Cir. 2002). One such administrative deadline requires complainants unrepresented by counsel to file appeals within 30 days of receiving the agency determination. 29 C.F.R. § 1614.402(a). A party's failure to comply with appellate procedure empowers the OFO to decide the appeal in favor of the opposing party. 29 C.F.R. § 1614.404(c)(3). Exhaustion of remedies, however, is not the sole requirement for filing suit. A statutory time limit also applies. 42 U.S.C. § 2000e-16(c).

After receiving notice of the final action from the administrative agency, the aggrieved employee may file a civil action within 90 days. 42 U.S.C. § 2000e-16(c). The Postmaster General is the proper defendant in civil rights suits by employees of the USPS. *Mahoney v. U.S. Postal Service,* 884 F.2d 1194, 1196 (9th Cir. 1989). The final action can be a final order that the agency issues to implement the decision of an administrative judge or an agency issuance of a final decision. 29 C.F.R. § 1614.110. An administrative decision on an appeal is a final action unless the OFO reconsiders the appeal; a <u>request</u> for reconsideration does not change the appeal's identity as a final action. 29 C.F.R. § 1614.405. A plaintiff can also file a suit in federal court if the agency has failed to rule on the administrative complaint after 180 days. 42 U.S.C. § 2000e-16(c). Filing a civil action terminates processing of the administrative appeal. 29 C.F.R. § 1614.409.

The Ninth Circuit treats the time limit for filing a complaint after final administrative action as jurisdictional; the existence of subject matter jurisdiction rests on compliance with such limits. *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1083 (9th Cir. 1983). Therefore, a federal employee's discrimination claim can only withstand a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction if the employee has both exhausted administrative remedies related to the claim and satisfied Title VII's time limits. The Court agrees with Defendant that none of Plaintiff's discrimination claims satisfies these statutory requirements.

### 2. Plaintiff's Discrimination Claims

#### a. Plaintiff's First and Second Administrative Cases

The April 30, 2002 OFO appeal decision affirmed the dismissal of Plaintiff's October 25, 2001 claims of denial of training, hostile work environment, and harassment. (Def's Mot. to Dismiss, Attach. 1 & 2.) This decision constitutes an exhaustion of administrative remedies related

to those claims. 42 U.S.C. § 2000e-16. Plaintiff filed his September 14, 2006 complaint more than 90 days after receiving the OFO decision. (*Id.* & Complaint).

The Agency issued a Notice of Final Action on June 24, 2004 adopting the Administrative Judge's dismissal of Plaintiff's July 28, 2003 administrative complaint of discrimination. (Def's Mot. to Dismiss, Attach. 3.) After receipt of the notice, which qualifies as an exhaustion of administrative remedies, Plaintiff had 90 days to file a complaint in federal court. 42 U.S.C. § 2000e-16. Plaintiff's filed his September 14, 2006 Complaint outside this time limit.

Because Plaintiff failed to conform to the statutory time limit and such compliance is necessary to establish subject matter jurisdiction, the Court lacks jurisdiction over any discrimination claims covered in Plaintiff's first or second administrative cases.

### b. Plaintiff's Third and Fourth Consolidated Cases

Plaintiff claimed that he failed to receive overtime pay, endured a hostile work environment, and alleged that supervisors wrongfully suspended him, failed to respond to his letters, and ignored his complaints in his consolidated third and fourth cases. (Def's Mot. to Dismiss, Attach. 5.) A September 9, 2005 final agency decision rejected Plaintiff's claims. (*Id.*) Plaintiff received the decision on October 7, 2005, and filed an appeal on November 9, 2005. Because the OFO received Plaintiff's appeal more than 30 days after his receipt of the decision, the OFO dismissed the appeal on June 26, 2006, and rejected his request for reconsideration of that dismissal on October 11, 2006. (Def's Mot. to Dismiss, Attach. 6 & 7.) Plaintiff claims that each of his complaints was timely and that ignorance, illness, and absence of representation by the postal worker's union led to his failure to proceed with his claims. (Pl.'s Opp. to Def.'s Mot. To Dismiss, p. 3.) In his complaint, Plaintiff does not raise the OFO's rejection of his request for reconsideration of his appeal. In any case, plaintiff's justifications for missing filing deadlines are not among the bases for the OFO's reconsideration of an appeal. 29 C.F.R. § 1614.405.[3] The Ninth Circuit has stated that compliance

---

[3] The OFO may grant a reconsideration if the party demonstrates that either "the [administrative] appellate decision involved a clearly erroneous interpretation of material fact or law" or that "the decision will have a substantial impact on the policies, practices or operations of the agency." 29 C.F.R. § 1614.405. Extenuating circumstances that prevent a timely appeal, like plaintiff's ignorance, illness or absence of representation, do not justify reconsideration.

7

with the exhaustion requirement is a prerequisite for subject matter jurisdiction and that abandonment or failure to cooperate in the administrative process prevents exhaustion. *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001). Plaintiff's failure to comply with the administrative procedure by filing his appeal in a timely manner constitutes lack of cooperation, and therefore a failure to exhaust administrative remedies.

### c. Additional Discrimination Claims

This Court lacks subject matter jurisdiction over the claims for which the parties submitted evidence of administrative review by the Agency. The Court must dismiss these claims, either because Plaintiff filed his complaint more than 90 days after the final administrative action or because Plaintiff failed to exhaust administrative remedies. However, Plaintiff's complaint alleges continuous employment discrimination, harassment, retaliation and loss of pay from the middle of 2002 until the filing of the complaint on September 14, 2006. These allegations could include incidents not considered in any of Plaintiff's administrative hearings. Such claims do not fall under this Court's jurisdiction.

Exhaustion of administrative remedies is a prerequisite for civil lawsuits under Title VII. Plaintiff carries the burden of establishing the basis for jurisdiction. Therefore, absence of evidence that Plaintiff has fully exhausted administrative remedies acts as a failure to prove a basis for jurisdiction.

Each of Plaintiff's claims of employment discrimination must satisfy Title VII's requirements since Title VII is the sole remedy for federal employees making such allegations. Plaintiff has not shown that any of his discrimination claims comply with the statutory requirements of exhaustion and timeliness. Accordingly, this Court lacks subject matter jurisdiction over those claims during the period covered by Plaintiff's complaint.

### B. Breach of Contract Claim

A court may dismiss a cause of action for failure to state a claim if the defect is apparent from the face of the complaint. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997). For a claim of breach of contract to stand, the plaintiff must allege the existence of a contract <u>between plaintiff and defendant</u>. In his complaint, plaintiff alleges that a violation of a "Collective Bargaining

Agreement" led to his denial of an opportunity to work overtime. (Compl. at p. 11.) Nowhere in the thirteen pages of his complaint, however, does Plaintiff allege that the named Defendant, Joseph Potter, Postmaster General, was a party to this agreement either in his personal or official capacity. Because Plaintiff fails to allege the existence of a contract to which he and the defendant were parties, the Court will dismiss his claim for breach of contract. However, the Court will grant Plaintiff leave to amend his breach of contract claim because he may be able to plead additional facts, and/or join additional parties, that give rise to a valid breach of contract claim. The facts presented in Plaintiff's Complaint, as well as his response to the Defendant's Motion to Dismiss, suggest the possibility of a contractual dispute between Plaintiff and the American Postal Workers Union, which is not a defendant in this action.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss as follows: The Court **DISMISSES WITHOUT LEAVE TO AMEND** Plaintiff's Title VII claims. The Court **DISMISSES WITH LEAVE TO AMEND** Plaintiff's breach of contract claim. Plaintiff shall file his First Amended Complaint, if any, within twenty (20) days of service of this order.

**IT IS SO ORDERED.**

Dated:   6/19/2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

9